IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE AIKENS,

        Plaintiff,                    No. 2:10-cv-0182 JAM JFM (PC)

    vs.

YANCY, CCI, et al.,                   ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff's complaint contains the following allegations. On September 25, 2009, plaintiff went to see his counselor, defendant Yancy, about a verbal agreement they had made concerning plaintiff's March 20, 2009 classification hearing. The agreement involved plaintiff's assertion that as of August 11, 2009, he would be eligible for a change in program from closed custody status. Defendant Yancy informed plaintiff that he would not be removed from closed custody status before completing his obligation. Defendant Yancy offered that if plaintiff would agree to have his March 2009 classification hearing held in absentia, defendant Yancy would take plaintiff to a bi-annual classification hearing in September 2009 and present plaintiff's case for transfer to a lower custody institution. Two weeks before August 11, 2009, plaintiff reminded

defendant Yancy of their conversation. Defendant Yancy then told plaintiff he would not take him to another classification hearing until October 2009. Plaintiff told defendant Yancy that wasn't the agreement they had, but Yancy told plaintiff he was doing him a favor in taking him to a bi-annual hearing, went in his office and closed the door. Plaintiff claims that Yancy's actions violated applicable state regulations and have resulted in him remaining in unconstitutionally overcrowded conditions of confinement above his appropriate custody classification.

No federal due process right is implicated by a prison's classification and transfer decisions with respect to individual inmates. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Nor does "the mere act of classification" violate the Eighth Amendment. Myron v. Terhune, 476 F.3d 716, 719 (9th Cir. 2007) (citing Hoptowit v. Ray, 682 F.2d 1237, 1251 (9th Cir. 1982). For these reasons, plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and his federal claims must be dismissed. See 28 U.S.C. § 1915A. Given that plaintiff's federal claims are not cognizable, the court should decline to exercise supplemental jurisdiction over any claims based on alleged violation of state regulations. See 28 U.S.C. § 1367(c).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

/////

1  2. The district court decline to exercise supplemental jurisdiction over any state law claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
aike0182.56